IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | 5:04-CV-237 (CAR) |
| | : | |
| **$23,488 IN UNITED STATES** | : | |
| **CURRENCY, MORE OR LESS** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |
| **GERALD DAVIS,** | : | |
| | : | |
| **Claimant.** | : | |
| _____ | : | |

*ORDER ON MOTION TO CONTINUE TRIAL*

Before the Court is Claimant's Motion to Defer Trial Until and After the Supreme Court Has Decided *Davis v. Wilson, Judge,* #S05A1641 [Doc 26]. Claimant asks that the Court defer scheduling the bench trial in this action, currently scheduled for October 5, 2005, until and after the Supreme Court of Georgia has decided Claimant's Petition for a Writ of Mandamus in a state court case Plaintiff filed a Response [Doc 27], and thereafter Claimant filed a Reply [Doc 29]. After consideration of the briefs and the relevant law, the Court hereby **DENIES** Claimant's Motion to Defer Trial.

Claimant states that he has filed a Petition for a Writ of Mandamus in the Supreme Court of Georgia asking the supreme court to compel the trial judge in Claimant's state court case to issue an order discharging and acquitting Claimant of certain traffic convictions. Claimant argues that these traffic-related offenses eventuated the stop of the

vehicle, search of Claimant and the vehicle, and seizure of the money subject to forfeiture in this action.  Claimant further states that if the supreme court discharges and acquits Claimant of such convictions, the result would be relevant and possibly binding in this action before the Court.  The Court disagrees.

As the Court previously stated at the pretrial conference, whether or not Claimant is discharged and acquitted of the traffic convictions that eventuated the law enforcement officer's initial traffic stop and subsequent search and seizure of the money has no bearing on this forfeiture action.  The Court, after hearing evidence at the Motion to Suppress hearing, has already found that there was probable cause for the initial stop, the search of Claimant and the vehicle, and seizure of the money at issue in this action.  Even if Claimant is discharged and acquitted of the traffic-related convictions, the mere fact of such an acquittal is irrelevant since the existence of probable cause does not depend on whether the crime was actually committed.  See, e.g., United States v. Lyons, 403 F.3d 1248, 1254 (11th Cir. 2005).  Furthermore, it is established law that a "criminal acquittal is nothing more than a determination that the evidence in the criminal setting was not sufficient to overcome all reasonable doubt that the accused was guilty."  United States v. One Assortment of 89 Firearms, 465 U.S. 354, 360 (1984) (citations omitted).  An acquittal on a criminal charge is not a bar to a remedial forfeiture action arising out of the same facts on which the criminal proceeding is based.  See, e.g., id. at 361 (holding that claimant's acquittal of related criminal charges did not, on principles of double jeopardy and collateral estoppel, bar subsequent action for remedial civil forfeiture action); United States v. Burch, 294 F.2d 1 (11th Cir. 1961) (holding that claimant's acquittal of criminal charges did not, on

principles of collateral estoppel, bar subsequent action for civil forfeiture).

In his Reply, Claimant directs the Court to One 1958 Plymouth Sedan v. Pennsylvania, 380 U.S. 693 (1965).  In that case, the Supreme Court held that the constitutional exclusionary rule applies to forfeiture proceedings because of their quasi-criminal character. Id. at 702.  This rule of law does not affect the Court's findings.  As previously stated, the Court has already found that the stop of the vehicle, the search of Claimant and the vehicle, and the seizure of the money were effected pursuant to probable cause.  Because the stop, search and seizure were effected pursuant to probable cause, the money was not seized in violation of the Fourth Amendment and is therefore not subject to the exclusionary rule.

Claimant's Motion to Defer Trial is therefore **DENIED.**  The bench trial is set for October 5, 2005 at 9:30am.

**SO ORDERED**, this 20th day of September, 2005.

S/ C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

SSH/aeg